# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTHONY DEWAYNE BAILEY,  )  Case No. 2:16-cv-02595-JAD-CWH
      Plaintiff,  )
  v.  )
DOUGLAS HERNDON, et al.,  )  **ORDER**
      Defendant.  )

Presently before the court is Plaintiff Anthony Dewayne Bailey's application to proceed *in forma pauperis* (ECF No. 5), filed on December 22, 2016. Also before the court is Plaintiff's complaint. (ECF No. 1-1). Plaintiff is a pro se inmate in the custody of High Desert State Prison in Indian Springs, Nevada.

**I.**    ***IN FORMA PAUPERIS* APPLICATION**

Plaintiff submitted the declaration required by 28 U.S.C. §1915(a) showing an inability to prepay fees and costs or to give security for them. Based on the information regarding Plaintiff's financial status, the court finds Plaintiff is unable to pay an initial installment toward the full filing fee required under 28 U.S.C. § 1915(b). However, Plaintiff will be required to make installment payments toward the full $350.00 filing fee when he has funds available. Plaintiff's request to proceed *in forma pauperis* therefore will be granted.

**II.**    **Screening the Complaint**

Federal courts must conduct a preliminary screening in any civil case "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, the court must dismiss the case if "the allegation of poverty is untrue" or if the court determines the

action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

Dismissal for failure to state a claim under § 1915A incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). To survive § 1915A review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The court liberally construes pro se civil rights complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Upon review, the court concludes that Plaintiff's complaint is frivolous because it lacks an arguable basis in law and fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A finding of frivolousness is warranted where the facts alleged are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *see also Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1959 (2009). A court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be unlikely; however, a complaint must allege facts "to state a claim that is plausible on its face." *Bell Atl. Com. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, Plaintiff purports to bring a felony criminal complaint on behalf of himself and the United States of America, seeking a criminal penalty of up to $10,000 and 10 years incarceration against Defendants. Plaintiff also seeks $7,200,000 from Defendant, to be paid in "0.999 Fine

| | |
|---|---|
| 1 | Silver." Compl. at 13. Plaintiff's factual allegations supporting these claims are incomprehensible, |
| 2 | and he does not provide a short and plain statement of his claim showing that he is entitled to relief |
| 3 | as required by FRCP 8(a)(2). Moreover, Plaintiff cites no authority to allow him to bring a felony |
| 4 | criminal complaint, or to act on behalf of the United States. Because the complaint does not set forth |
| 5 | a plausible claim, allegations of other facts would not cure it, and there would be no purpose in |
| 6 | allowing Plaintiff an opportunity to amend. The Court therefore recommends the complaint be |
| 7 | denied with prejudice. |
| 8 | // |
| 9 | // |
| 10 | // |
| 11 | // |
| 12 | // |
| 13 | // |
| 14 | // |
| 15 | // |
| 16 | // |
| 17 | // |
| 18 | // |
| 19 | // |
| 20 | // |
| 21 | // |
| 22 | // |
| 23 | // |
| 24 | // |
| 25 | // |
| 26 | // |
| 27 | // |
| 28 | // |

//

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 5) is GRANTED. Plaintiff will not be required to pay an initial installment fee and is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them. However, under 28 U.S.C. § 1915(b), Plaintiff will be required to make installment payments toward the full $350.00 filing fee when he has funds available. This order does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that under 28 U.S.C. § 1915(b), the Corrections Corporation of America ("CCA") must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Plaintiff David Bird, #48718-048, in the months that the account exceeds $10.00, until the $350.00 filing fee has been paid for this case. The Clerk of Court must send a copy of this order to the CCA Accounting Supervisor, 2190 East Mesquite Avenue, Pahrump, Nevada, 89060.

IT IS FURTHER ORDERED that if this action is dismissed or is otherwise unsuccessful, the full $350.00 filing fee is still due under 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF No. 1-1).

//
//
//
//
//
//
//
//
//
//

IT IS RECOMMENDED that the complaint be dismissed with prejudice, as any attempt to cure would be futile.

DATED: September 7, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).