# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Anthony Dewayne Bailey,

    Plaintiff

v.

Douglas Herndon, et al.,

    Defendants

Case No.: 2:16-cv-02595-JAD-CWH

**Order Overruling Objections, Adopting Report and Recommendation, and Closing Case**

[ECF Nos. 9, 11]

    Pro se prisoner Anthony Dewayne Bailey brings a "citizen's criminal complaint" against various judges, court clerks, and attorneys who were involved in a state criminal case against him. Magistrate Judge Hoffman granted Bailey's *in forma pauperis* application, construed his complaint as a civil action, and issued a report recommending that I dismiss his case with prejudice because it is frivolous and cannot be cured by amendment. Bailey objects.

    Having reviewed the objected-to portions of Judge Hoffman's findings and conclusions *de novo*, I overrule Bailey's objections, adopt Judge Hoffman's report and recommendation, and dismiss this case.

## Background

    Bailey filed what he titled a "citizen's criminal complaint pursuant to title 18 U.S.C. § 4," alleging violations "of due process. . . required constitutional oaths . . . and civil rights."[1] The bulk of Bailey's complaint appears to revolve around his state criminal conviction in 2014. He alleges that the judges presiding over his case, the district attorney prosecuting it, his defense attorney, and the court clerk concealed information, promoted false statements, and took other acts that rendered his conviction and related sentence "illegal."[2] Bailey's complaint asks me to find the defendants liable under 18 U.S.C. §§ 241 and 242, which are criminal statutes penalizing

---

[1] ECF No. 10 at 1.

[2] *Id.* at 7.

1

the violation of constitutional rights and conspiracy to violate those rights.[3] He also seeks $7,200,000 from the defendants, to be paid in "0.999 Fine Silver."[4]

Judge Hoffman recommends that I dismiss Bailey's case because it lacks an arguable basis in fact or law. He notes that the factual allegations supporting Bailey's claims are incomprehensible, and that Bailey "cites no authority to allow him to bring a felony criminal complaint, or to act on behalf of the United States."[5]

Bailey objects to Judge Hoffman's recommendation. He contends that the magistrate judge impermissibly construed his complaint as one brought under civil law, not criminal law. He argues that the Prison Litigation Reform Act's (PLRA) screening requirements do not apply to "a complaining citizen seeking the arrest of public officials,"[6] so Judge Hoffman shouldn't have screened the complaint at all. He also appears to believe that he filed his complaint under Federal Rules of Criminal Procedure 3 and 4, so arrest warrants should be issued for the defendants. Bailey further contends that his "criminal complaint" cannot be construed as frivolous "unless commercial bribery exist[s]."[7] Along with his objections, Bailey also filed a "notice and demand," listing more criminal statutes that he contends the defendants violated.[8]

## Discussion

A district court reviews objections to a magistrate judge's proposed findings and recommendations de novo.[9] "The district judge may accept, reject, or modify the

---

[3] *Id.* at 10–11.

[4] *Id.* at 13.

[5] ECF No. 9 at 3.

[6] ECF No. 11 at 2.

[7] *Id.* at 3.

[8] ECF No. 12 (labeled as "notice and demand pursuant to 18 U.S.C. §§ 645 & 654, misprison (sic)18 U.S.C. §§ 3, 4, 241, 242, 1001, 1962(c), 1612, 1622").

[9] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[10]

Bailey's objections do not warrant reconsideration or modification of Judge Hoffman's order. Only United States attorneys can initiate criminal proceedings in federal court,[11] so insofar as Bailey's complaint can be construed as a criminal one, it lacks any basis in law or fact because Bailey is not a U.S. attorney. And Bailey lacks standing to bring civil claims based on criminal statutes,[12] so he cannot pursue any of his claims based on statutes from title 18 of the U.S. Code. Because these criminal avenues are not available to Bailey, and because Bailey alleged in his complaint that the defendants violated his constitutional rights, Judge Hoffman did not err in construing the complaint as one brought under civil law. So, Bailey's contention that the PLRA's screening requirements don't apply to this case is unavailing, because he cannot bring a criminal complaint seeking the arrest of public officials, and his complaint is better construed as one alleging a civil action.

Bailey's argument that his case cannot be construed as frivolous unless "commercial bribery exists" is itself frivolous because that argument has no basis in law or fact. As Judge Hoffman correctly stated, "[a] finding of frivolousness is warranted where the facts alleged are 'clearly baseless.'"[13] A judge need not make a finding of "commercial bribery" to determine that a case states no plausible claims for relief.

Further, Bailey's complaint appears to challenge conduct taken during his criminal proceedings that he contends was impermissible and led to his wrongful conviction and imprisonment. To the extent that Bailey wishes to use a civil action to challenge the lawfulness

---

[10] *Id.*

[11] *Rhodes v. Robinson*, 399 F. App'x 160, 165 (9th Cir. 2010) (unpublished) (citing *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam)).

[12] *See Linda R.S. v. Linda D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding that criminal provisions provide no basis for civil liability).

[13] ECF No. 9 at 2 (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

of his conviction and sentence, that course of action is barred by the United States Supreme Court's decision in *Heck v. Humphrey*.[14]  I agree with Judge Hoffman's recommendation to dismiss this case with prejudice because it is frivolous, and the defects discussed above cannot be cured by giving Bailey an opportunity to amend.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Bailey's objections [ECF No. 11] are OVERRULED, Judge Hoffman's report and recommendation **[ECF No. 9] is ACCEPTED AND ADOPTED**, and this lawsuit is **DISMISSED with prejudice**. The Clerk of Court is directed to **CLOSE THIS CASE.**

Dated: May 9, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[14] *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).